UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORFELINA TAVAREZ,

       Plaintiff,

-against-

32BJ; TRIANGLE SERVICES,

       Defendants.

18-CV-8517 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

 Plaintiff, appearing *pro se*, brings this action against her former employer, Triangle Services, and her union, 32BJ SEIU. Plaintiff attaches an August 28, 2018 Opinion and Award that determined that Plaintiff's former employer, Triangle Services, had just cause to terminate her employment. Plaintiff states that she is "very sad about the decision."

 By order dated October 12, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

 The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

 While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Orfelina Tavarez filed this complaint using the Court's general complaint form. She attaches to the complaint an arbitrator's August 28, 2018 Opinion and Award that determined that Plaintiff's employer had just cause to terminate her employment. (ECF No. 2 at 9–17.)

In the Award, the arbitrator concluded that the evidence presented established that Plaintiff, with a knife, threatened a coworker with serious bodily injury, and that her employer therefore had just cause to fire Plaintiff. (*Id.* at 16.) The arbitrator also noted that Plaintiff had filed a charge with the New York State Division of Human Rights (DHR) and that the DHR issued a decision in the matter. (*Id.* at n. 3.)

In the complaint itself, Plaintiff says very little, other than that she is very sad about the decision in her case and that she lost her job of 23 years for no reason. Plaintiff asserts that she has suffered physical, emotional, and mental damages as a result of Defendants' actions, and she seeks unspecified monetary damages.

## DISCUSSION

### A. Hybrid § 301/Duty of Fair Representation Claim

Because Plaintiff sues her employer, claiming that it has violated the collective bargaining agreement by firing her without cause, and has also sued her union, her complaint may be construed as asserting a "hybrid § 301/duty of fair representation ("DFR")" claim. This type of claim arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which governs the employer's duty to comply with the collective bargaining agreement, and under the National Labor Relations Act, which implies the union's duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see also Price v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers*, 795 F.2d 1128, 1134 (2d Cir. 1986) (union's duty of fair representation is implied from § 9(a) of the NLRA, 29 U.S.C. § 159(a), specifically). To state a hybrid § 301/DFR claim, a plaintiff must allege "both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001) (citing *DelCostello*, 462 U.S. at 164-65). The employee may sue the union or the employer, or both, but must allege violations on the part of both regardless of which entities she chooses to sue. *Id.* at 179.

The limitations period on a hybrid § 301/DFR action is six months, *see DelCostello*, 462 U.S. at 169, which begins to run when the employee knew or should have known of the breach

of the duty of fair representation, *see Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995); *King v. New York Tel. Co.*, 785 F.2d 31, 33 (2d Cir. 1986).

A union has a duty to fairly represent employees subject to the collective bargaining agreement. *See Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). A court's review of a union's representation of its members is highly deferential, and a court is not to substitute its judgment for that of a union. *Id.* at 78. Instead, the duty of fair representation is limited to avoiding conduct that is "arbitrary, discriminatory, or in bad faith." *Id.* at 67. "A union's actions breach the duty of fair representation 'only if the union's conduct can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational or arbitrary.'" *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45 (1998).

A union's duty of fair representation is not breached where the union fails to process a meritless grievance, fails to process a grievance due to error in evaluating its merits, *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1153-54 (2d Cir. 1994), engages in mere negligent conduct or errors in judgment, *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43-44 (2d Cir. 1989), or decides not to arbitrate a grievance, *Vaca v. Sipes*, 386 U.S. 171, 191-92 (1967) (finding individual employee does not have "absolute right" to arbitration and discussing negative consequences of system where individuals could compel arbitration). This wide range of reasonableness gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong. *Biberaj v. Pritchard Indus., Inc.,* 859 F. Supp. 2d 549, 560 (S.D.N.Y. 2012).

Plaintiff's allegations are insufficient to state a hybrid § 301/DFR claim, because they do not give rise to an inference that 32BJ SEIU acted in a manner that could be characterized as

arbitrary, discriminatory, or in bad faith. Plaintiff also does not allege any facts suggesting that Triangle Services breached the CBA.

The Court grants Plaintiff leave to amend her complaint to provide any available facts that support a hybrid § 301/DFR claim against Triangle Services and 32BJ SEIU.

### B. Employment Discrimination

Plaintiff filed a complaint with the DHR, so it may be that she intended to assert a claim that her employer discriminated against her. The arbitrator notes in the Award that Plaintiff testified that almost daily from approximately 2011 to May 2015, her supervisor, Mr. Mustafoski, engaged in grossly offensive behavior toward her, but that she never reported the alleged conduct. (ECF No. 2 at 16.)

Plaintiff does not, however, provide any facts suggesting a cause of action under any of the antidiscrimination statutes that prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes.[1] *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

---

[1] It appears that Plaintiff elected remedies under state law by filing a complaint with the DHR and is therefore barred from pursuing any state discrimination claims in court. *See York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127-28 (2d Cir. 2002) (holding that under New York State and New York City laws, party who has chosen to bring claims before DHR may not then bring those claims in court).

5

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that the employer took adverse employment action against her, and that her race, color, religion, sex, national origin, age or disability was a motivating factor in the employment decision. *See e.g. Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."[2] *Id.* at 87.

Furthermore, as a precondition to filing an action for employment discrimination, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission (EEOC) and obtain a notice of right to sue. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(e); *see also Chin v. Port Auth. of N.Y. &N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). Generally, a plaintiff must commence a civil action within ninety days of receipt of notice of dismissal or termination of proceedings by the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). Although equitable considerations may apply under specified circumstances — such as when Plaintiff has received inadequate notice from the EEOC, where affirmative misconduct on the part of a defendant lulled the Plaintiff into inaction, or if Plaintiff has relied on the court's assurances, *id*. at 151-52 — "[p]rocedural requirements

---

[2] The arbitrator's Award on the merits of Plaintiff's claim that she was fired without just cause may make it more difficult for plaintiff to prove any claim that she was wrongfully discharged. *See Collins v. N.Y.C. Transit Auth*., 305 F.3d 113, 119 (2d Cir. 2002) (noting that while "a negative arbitration decision . . . does not preclude a [federal employment discrimination] action by a discharged employee[,] . . . a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link"); *see also Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 233 (2d Cir. 2015) ("when the final decision on discipline or discharge is made by an arbitrator whose lack of bias is conceded, enough evidence linking the employer's motive and the arbitration decision must be proffered to allow a reasonable trier of fact to find that the decision was affected by acts resulting from that motive.").

established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *id*. at 152.

Here, it appears that Plaintiff filed a charge with the New York State DHR. That filing also constitutes a filing with the EEOC. *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999) (explaining that under work-sharing agreement between DHR and EEOC, each agency designates the other as its agent for the purpose of receiving charges). Plaintiff received a decision from the DHR sometime before the arbitrator's Award on August 28, 2018. She presumably received a notice of right to sue from the EEOC at around the same time. It appears likely that any federal discrimination claim she intends to assert was filed more than 90 days after she received a notice of right to sue.

The time limits, however, are not jurisdictional and, therefore, are subject to equitable tolling.[3] *See Morgan*, 536 U.S. at 113 (citing to *Zipes v. Trans. World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Dismissal may be appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*, 58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred ... by the statute of limitations"), *vacated in part on other grounds*, 85 F.3d 919 (2d Cir. 1996).

---

[3] Equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alteration, and citations omitted). To obtain the benefit of equitable tolling, a plaintiff must show (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine. *Id*.

Here, the complaint is bereft of any facts showing that Plaintiff was mistreated or retaliated against because of a protected characteristic. Moreover, it appears from the complaint and the attached documents that any discrimination claim Plaintiff may wish to assert would be untimely.

C. **Leave to Amend**

Plaintiff fails to state a hybrid § 301/DFR claim or an employment discrimination claim. The Court grants Plaintiff leave to amend her complaint to allege enough facts to establish a hybrid § 301/DFR claim or an employment discrimination claim. If Plaintiff is unable to meet this burden in an amended complaint, the court will have to dismiss this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), without prejudice to Plaintiff's bringing her claims in an appropriate state court.

If Plaintiff chooses to file an amended complaint, the Court strongly encourages her to ask for assistance from someone who can help her organize her thoughts and claims. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-8517 (CM). An Amended Employment Discrimination Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed failure to state a claim.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 1, 2019
New York, New York

											COLLEEN McMAHON
											Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☐ Yes ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                    State           Zip Code

_____
Telephone Number                Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City         State       Zip Code

Defendant 2: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City         State       Zip Code

Defendant 3:

---
Name

---
Address where defendant may be served

---
County, City          State          Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

---
Name

---
Address

---
County, City          State          Zip Code

## III.    CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

        ☐ race: _____

        ☐ color: _____

        ☐ religion: _____

        ☐ sex: _____

        ☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

_____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

**V.     ADMINISTRATIVE PROCEDURES**

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐ No

**VI.    RELIEF**

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                Plaintiff's Signature

_____          _____
First Name        Middle Initial     Last Name

_____
Street Address

_____          _____    _____
County, City                         State     Zip Code

_____          _____
Telephone Number                     Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court
Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007