UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORFELINA TAVAREZ,

                Plaintiff,

-against-

LOCAL 32BJ; TRIANGLE SERVICES,

                Defendants.

18-CV-8517 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff Orfelina Tavarez, appearing *pro se*, brings this action against her former employer, Triangle Services, and her union, Local 32BJ. By order dated October 12, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## BACKGROUND

    Plaintiff filed her original complaint (ECF No. 2) using the Court's general complaint form. In her original complaint, Plaintiff alleged only: "I'm not happy [with the] decision in my case"; "false accusation"; "we not proof"; "I'm very sad about the decision they make"; and "lose my job [of] 23 years [for no] reason." (ECF No. 2 at 2, 5.)

    She attached to this complaint an arbitrator's August 28, 2018 Opinion and Award that determined that Plaintiff's employer, defendant Triangle Services, had just cause to suspend and then terminate her employment in June 2015. (ECF No. 2 at 9–17.) Plaintiff's union, defendant Local 32 BJ, represented Plaintiff in the arbitration. (*Id.* at 8, 9.)

    In the Award, the arbitrator concluded that the evidence presented established that on June 18, 2015, Plaintiff threatened a coworker "with serious bodily harm with a knife," and that her employer had just cause to fire her. (*Id.* at 16.) The arbitrator noted that Plaintiff, in her

testimony relevant to a complaint she filed with the New York State Division of Human Rights (DHR), asserted that "'almost daily' from approximately 2011 to May 2015, [her] Supervisor, Mr. Mustafoski, engaged in grossly offensive behavior toward her." The arbitrator cited this as an example of Plaintiff's "tendency to offer embellishment and exaggeration rather than an accurate report," noting that Plaintiff testified in the arbitration proceeding that she never reported the alleged conduct. (*Id.* at 16.) In making these findings, the arbitrator cited to the "Recommended Findings of Fact, Opinion and Decision," of an administrative law judge in the matter of Plaintiff's DHR complaint. (*Id.* at 16 n.3; *id.* at 14 (noting that Plaintiff acknowledged that her DHR complaint "was dismissed, in part, because, as she testified herein, she never went to the Employer and, as the [DHR] Administrative Law Judge found, she never placed the Employer on notice of the grossly offensive behavior that she had alleged in her Complaint had occurred 'almost daily' from approximately 2011 to May 2015").)

      The arbitrator also noted that resolution of the arbitration proceeding had been delayed since 2015 "awaiting the conclusion of additional litigation between Ms. Tavarez and the Employer," that Triangle Services had continued to employ her outside the premises[1] while it awaited the outcome of the arbitration, and that Triangle Services reported it would discharge her if the arbitrator found just cause for her suspension. (*Id.* at 10 n.2.)

      By order dated November 1, 2019, because Plaintiff named her employer and her union and had contested her discharge before an arbitrator, the Court liberally construed Plaintiff's complaint as asserting a hybrid § 301/duty of fair representation ("DFR") claim. Because Plaintiff had filed a complaint with the DHR, the Court also liberally construed Plaintiff's complaint as asserting a claim that her employer discriminated against her.

---

[1] The "premises" were 345 Park Avenue, where Plaintiff had been employed. (*Id.* at 1.)

Plaintiff's allegations were insufficient, however, to state a hybrid § 301/DFR claim, because they did not give rise to an inference that her union acted in a manner that could be characterized as arbitrary, discriminatory, or in bad faith. Plaintiff also did not allege any facts suggesting that Triangle Services breached the collective bargaining agreement. Plaintiff's complaint was also bereft of any facts showing that Plaintiff was mistreated or retaliated against because of a protected characteristic. Moreover, it appeared from the complaint and the attached documents that any discrimination claim Plaintiff wished to assert would be untimely.

Because of the deficiencies in Plaintiff's complaint, the Court granted Plaintiff sixty days' leave to amend her complaint to allege enough facts to establish a hybrid § 301/DFR claim or an employment discrimination claim.

On November 14, 2019, Plaintiff filed an amended complaint (ECF No. 5) using the Court's form complaint for employment discrimination. In her amended complaint, Plaintiff checked the box indicating her intent to assert a claim under Title VII of the Civil Rights Act of 1964. But where the complaint form asks for Plaintiff to check one or more boxes to state the basis of the alleged discrimination (*i.e.*, race, color, religion, sex, or national origin), Plaintiff did not respond. Another section of the complaint form directs Plaintiff to state facts that support her claim, but Plaintiff left that section blank, and nowhere else in the amended complaint did she allege any facts suggesting that she was discriminated against based on any protected characteristic.

Although the arbitrator's August 28, 2018 award makes clear that Plaintiff filed a charge with the DHR, Plaintiff checked the box on the amended complaint form stating that she did not file a charge with the Equal Employment Opportunity Commission (EEOC) or any other

3

government agency, and she stated that she did not receive a notice of right to sue from the EEOC. (ECF No. 5 at ¶ V.)

Because Plaintiff's amended complaint was insufficient to state a hybrid § 301/DFR claim, an employment discrimination claim, or any other claim, by order dated December 13, 2019, the Court granted Plaintiff thirty days to file a second amended complaint and again suggested that Plaintiff contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. It is unclear whether Plaintiff contacted the clinic, but Plaintiff did file a second amended complaint on January 10, 2020. (ECF No. 7.)

## DISCUSSION

The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's second amended complaint fails to cure the deficiencies in her previous submissions. Using the Court's form complaint for employment discrimination, Plaintiff again names Local 32BJ and Triangle Services as Defendants. Plaintiff checks the box indicating her intent to assert a claim under Title VII of the Civil Rights Act of 1964, and she checks the box to assert that Defendants discriminated against her on the basis of her race (Hispanic). (ECF No. 7 at ¶ III. A.) But the only factual allegations are:

> I filed a sexual harrasmt [sic] against Mr. Mustafoski and because of that he ploted [sic] with an other [sic] co-worker to have me fired. We went to court and I was discriminate [sic]. The court went in their favor.

(*Id.* at ¶ IV. B.)

Plaintiff again states that she did not file a charge with the EEOC or any other government agency, and that she did not receive a notice of right to sue from the EEOC. (*Id.* at ¶ V.) The documents Plaintiff has submitted show, however, that Plaintiff did file a charge with the DHR. The Court assumes that when Plaintiff says she went to court and the court "went in their favor," she is either referring to the proceedings before the arbitrator or the proceedings

before the DHR. The arbitrator referred to "additional litigation" between Plaintiff and Triangle Services, so it is possible there were proceedings in addition to the arbitration and the DHR matter. In any event, it is clear that Plaintiff has had ample opportunity, in this proceeding and in earlier ones, to describe what happened to her and why it was unlawful.

   Nonetheless, Plaintiff's second amended complaint does not state a claim. Although she checks the box to assert a claim of race discrimination, she does not include any facts concerning race and therefore does not state such a claim. Plaintiff includes no allegations against Local 32BJ and therefore does not state a claim against it. To the extent that Plaintiff seeks to assert a claim that Triangle Services mistreated or retaliated against her because of her sex, the facts are insufficient to state such a claim. Plaintiff's mere assertion that a supervisor, Mr. Mustafoski, retaliated against her after she complained of sexual harassment is unsupported by any plausible factual allegations. It also appears that Plaintiff's own testimony in the arbitration proceeding contradicts her assertion. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (holding that, on a motion to dismiss, in addition to factual allegations in the complaint, courts may consider, among other things, "documents attached to the complaint as an exhibit or incorporated in it by reference," and "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."); *see also Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002) (holding that while "a negative arbitration decision . . . does not preclude a [federal employment discrimination] action by a discharged employee[,] . . . a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link"). The arbitration award also makes clear that the decision to suspend Plaintiff was made by Branch Manager Peter Lusha, after the client banned Plaintiff from its premises (345 Park Avenue). (*Id.* at 11.) Plaintiff does not allege *any* facts,

6

much less any facts suggesting bias, about Mr. Lusha (or the client) and does not allege that Mr. Mustafoski played any role in the decision to suspend and then discharge her. *See, e.g., Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007) ("[R]emarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by the discriminatory sentiment expressed in the remark."); *Lebowitz v. New York City Dep't of Educ.*, No. 15-CV-2890, 2017 WL 1232472, at *10 (E.D.N.Y. Mar. 31, 2017) (granting motion to dismiss Title VII claim where the plaintiff alleged discriminatory remarks by school administrators but "fail[ed] to plead any additional facts that would suggest" the defendants initiated the alleged adverse employment action because of this discriminatory animus).

In any event, because Plaintiff's employer's decision to suspend and discharge her was made in 2015, it appears that any discrimination claim Plaintiff may wish to assert would be untimely.

## CONCLUSION

Plaintiff's second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Chambers will mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  June 16, 2020
        New York, New York

                                              _____
                                                     Louis L. Stanton
                                                          U.S.D.J.